

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-21-2009

# Gilbert Williams v. Robert Bitner

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3247

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Gilbert Williams v. Robert Bitner" (2009). *2009 Decisions.* Paper 2006.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2006

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**ALD-73**                                                         **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3247
_____

GILBERT R. WILLIAMS,
                                                                 Appellant

v.

ROBERT S. BITNER;
DONALD J. JONES;
JAMES T. WYNDER, JR;
OFFICER DIETRICH;
OFFICER DOHL

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 07-1542)
District Judge:  Honorable Malcolm Muir
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 8, 2008

Before: SLOVITER, FUENTES and JORDAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 21, 2009)
_____

OPINION
_____

PER CURIAM

Gilbert S. Williams, a Pennsylvania state prisoner, filed *pro se* an action under 42

1

U.S.C. § 1983 against various officials and employees of the Pennsylvania Department of Corrections alleging violation of his Fifth, Sixth, Eighth and Fourteenth Amendment rights in connection with a disciplinary hearing. On June 8, 2006, Williams was given a misconduct report for "Engaging in Sexual Acts." Following a disciplinary hearing, Williams was found guilty of the charged misconduct and sanctioned to 90 days in disciplinary custody. Williams unsuccessfully appealed the Hearing Examiner's decision through all levels of review before filing the instant action for compensatory and punitive damages.

Williams claimed that he was unlawfully incarcerated because of the disciplinary sanction, placing him in the Restricted Housing Unit for 90 days. In addition, Williams alleged that Defendants "conspired to unlawfully incarcerate him" and deny him due process and his equal protection rights. The District Court dismissed Williams' complaint as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Williams then filed a motion for leave to file an amended complaint in which he alleged a violation of his rights by the "'customs or 'policy' promulgated by the Department of Corrections" and a denial of due process during his disciplinary hearing because he was not represented and was denied the opportunity to call witnesses. The District Court denied Williams' motion. He timely appealed.

We have jurisdiction under 28 U.S.C. § 1291. We may summarily affirm the District Court's judgment if the appeal presents no substantial question. 3d Cir. LAR

2

27.4 and I.O.P. 10.6. For the reasons that follow, we will summarily affirm.

Williams' claim that he was denied due process and unlawfully placed in disciplinary housing lacks legal merit. "Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed." Sandin v. Conner, 515 U.S. 472, 485 (1995). Under Sandin, prison disciplinary segregation will implicate a protectable liberty interest only if it dramatically departs, in length of time or otherwise, from basic prison conditions. See, e.g., Smith v. Mensinger, 293 F.3d 641, 653 (3d Cir. 2002) (seven months in disciplinary segregation is insufficient to trigger a due process violation); Griffin v. Vaughan, 112 F.3d 703, 706-08 (3d Cir. 1997) (fifteen months in administrative custody is insufficient to trigger a due process violation). The District Court reasoned that the sanction of 90 days in disciplinary segregation was not an atypical or significant deprivation that would give rise to a liberty interest under Sandin. We agree. This same thinking undermines the specific allegations made by Williams in his amended complaint. The lack of representation and inability to call witnesses, as well as any other alleged procedural defects, lack legal significance in the absence of any protectable interest. See Sandin, 515 U.S. at 487.

Williams also claimed a conspiracy by the Defendants to unlawfully punish him by charging him with false misconduct. The District Court correctly rejected Williams' claims, reasoning that the allegations were vague and conclusory and did not present a cognizable § 1983 conspiracy claim. See Young v. Kann, 926 F.2d 1396, 1405 n.16 (3d

3

Cir. 1991) (conspiracy claims based on plaintiff's subjective suspicions and unsupported speculation were properly dismissed at screening).

With respect to the equal protection claim that he was discriminated against, the District Court correctly concluded that Williams failed to allege that Defendants engaged in intentional or purposeful discrimination or that he was treated differently than similarly situated individuals on the basis of his race. See Wilson v. Schillinger, 761 F.2d 921, 929 (3d Cir. 1985). Williams claimed only that his civil rights were violated by defendants of the opposite race, but that is insufficient to state an equal protection claim. See id. (intentional or purposeful discrimination is a necessary element of an equal protection violation).

For the foregoing reason, we will summarily affirm. See I.O.P. 10.6. The motion for appointment of counsel is denied. See Tabron v. Grace, 6 F.3d 147, 153-54 (3d Cir. 1993)

4